IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Clark,<br><br>        Petitioner,<br><br>vs.<br><br>Philip Crawford,<br><br>        Respondent. | No. CV 06-1231-PHX-SRB (HCE)<br><br>**REPORT & RECOMMENDATION** |

      Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. For the following reasons, the Magistrate Judge recommends that the District Court dismiss this action as moot.

## DISCUSSION

      Petitioner alleges that immigration officials are holding him in detention pending his removal to Haiti and that his removal cannot be effected. Therefore, Petitioner seeks immediate release from custody on the ground that his indefinite detention with no prospect of effecting removal in the reasonably foreseeable future is unlawful. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien

for more than the presumptively reasonable period of six months); *Clark v. Martinez,* 543 U.S. 371 (2005) (extending the holding in *Zadvydas* to inadmissible aliens).

Petitioner filed this action on May 4, 2006. On that same date, Petitioner was notified by the Clerk of Court that he must keep the court apprised of any address change by filing a Notice of Change of Address.

The docket reflects that on September 5, 2006, mail sent to Petitioner containing the Court's August 28, 2006 Order directing service, *inter alia,* was returned to the Court as "Unclaimed. Unable to Forward."

On September 19, 2006 , Respondent filed a "Suggestion of Mootness" indicating that Petitioner was released from custody on May 25, 2006. Therefore, Respondent asserts that the action is now moot because Petitioner has already obtained the relief requested in his Petition.

On October 5, 2006, the Court ordered Petitioner to submit a brief no later than October 25, 2006 showing good cause why this case should not be dismissed as moot in light of Respondent's Suggestion of Mootness. Petitioner was advised that his failure to file the brief would result in a recommendation for dismissal of this action without further notice. The record reflects that on October 16, 2006, the Court's October 5, 2006 Order was returned as undeliverable.

The record supports Respondent's position that Petitioner has obtained the relief he requested in his Petition for Writ of Habeas Corpus. (*See* May 22, 2006 Warrant of Removal and May 25, 2006 Executed Warrant of Removal attached to Respondent's Suggestion of Mootness Ex. 1) Accordingly, the Petition should be dismissed as moot.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus as moot.

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 06-1231-PHX-SRB.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 27th day of October, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge